IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: 1:22-CV-00061-DLB |
| MARYLAND DEPARTMENT OF TRANSPORTATION, STATE HIGHWAY ADMINISTRATION, | : | |
| Defendant. | : | |

## ANSWER

Defendant, Maryland Department of Transportation, State Highway Administration, ("Defendant"), by and through undersigned counsel, hereby answers the Complaint filed by Plaintiff on January 10, 2022 (the "Complaint"), and asserts its defenses as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 contains conclusions of law to which no response is required.

2. The Defendant admits in part the allegations of Paragraph 2, and in further answer clarifies that not all of the alleged comparators identified in the Complaint are alleged to have worked within the jurisdiction of the United States District Court for the District of Maryland's Northern Division.

### PARTIES

3. Paragraph 3 contains averments to which no responsive pleading is required.

4.  The Defendant admits in part the allegations of Paragraph 4, clarifying that Defendant State Highway Administration maintains only the numbered roads withing the Maryland state highway system.

5.  The Defendant admits that at all relevant times, it was an employer within the meaning of the statute.

6.  The Defendant admits the allegations of Paragraph 6.

7.  Defendant denies the averments in Paragraph 7 and submits that at all relevant times, it was and is a Public Agency as that term is defined in Section 203(x) of the FLSA, 29 USC § 203.

## STATEMENT OF EQUAL PAY CLAIMS

8.  The Defendant denies the allegations of Paragraph 8.

    a.  Defendant admits that Rager began working contractually through the University of Baltimore as a DCL in October 2007 and that Rager became a State employee with the State Highway Administration in June 2014.  The remaining allegations in Paragraph 8(a) are vague and ambiguous and are therefore denied.

    b.  The Defendant denies the allegations of Paragraph 8(b).

    c.  The Defendant admits that the Defendant agency includes seven district offices that represent geographical locations throughout Maryland.

    d.  The Defendant admits the allegations of Paragraph 8(d).

    e.  The Defendant denies the allegations of Paragraph 8(e).

    f.  The Defendant denies the allegations of Paragraph 8(f).

    g.  The Defendant admits in part the allegations of Paragraph 8(g), and in further answer clarifies that because DCLs performed additional and distinct District-

2

specific duties, the reclassification was a means to standardize the position description and duties across SHA geographic districts.

h.  The Defendant denies the allegations of Paragraph 8(h).

i.  The Defendant admits in part the allegations of Paragraph 8(i), and further answers that CRMs also performed additional and varying District-specific duties under differing conditions.

j.  The Defendant denies the allegations of Paragraph 8(j).

k.  Paragraph 8(k) contains averments to which no responsive pleading is required or permitted and is thus denied.  Defendant admits that between 2007 and June 2014, Rager was employed by the University of Baltimore and provided service as a DCL; between June 2014 until July 2020, he worked as a DCL for the Defendant until his position was reclassified into a CRM position over his objection and despite his refusal to accept the new position description and its increased compensation.

l.  The Defendant admits the allegations of Paragraph 8(l), and in further answer clarifies that prior to June 24, 2014, Rager was a contractual employee through the University of Baltimore.

m.  The Defendant admits the allegations of Paragraph 8(m), and further answers that commensurate with her two decades of relevant experience at the time of hire, Ms. Gonzales negotiated and accepted an annual salary of $66,888.

n.  The Defendant denies the allegations of Paragraph 8(n).

o.  The Defendant admits that Ms. Ross-Scott was hired as a DCL in District 5 and further admits that Ms. Ross-Scott earned a baccalaureate degree in English

in May 2016.  The Defendant further answers that Ms. Ross-Scott, a veteran, was

hired in a metropolitan District at a Grade 17, Step 15, $68,175 on the standard

salary scale.

p.  The Defendant denies the allegations of Paragraph 8(p) and further answers

that following service as Media Relations Manager for Maryland Department of

Transportation, Motor Vehicle Administration ("MVA"), Kellie Boulware was re-

hired by the State Highway Administration as Special Assistant to the District

Engineer/ DCL in District 5, earning a salary commensurate to her MVA salary at

Grade 18, step 20 at $84,552 under the standard salary scale.  Prior to her

departure, as early as 2014, Rager specifically identified Boulware as his

supervisor.

q.  The Defendant denies the allegations of Paragraph 8(q).

r.  The Defendant denies the allegations of Paragraph 8(r).

r(i). The Defendant admits that Ms. Shannon Coyne accepted temporary

employment as a Transportation Engineering Technician between May 2013 and

August 2013 and again between May 2014 and September 2014; upon

information and belief, in 2016, Ms. Coyne earned a Bachelor of Science degree

in Marketing and International Fashion.  Upon information and belief, Ms. Coyne

was hired as a DCL in January 2019 and was compensated for her work in the

Washington, DC metropolitan area of District 3, at Grade 17, Step 9 or $60,815

under the standard salary scale; at the same time Rager was compensated

consistent with the standard schedule for Grade 17, step 7, at $59,719 under the

standard salary scale.  Defendant also admits that Mr. Christopher Bishop was

another DCL working in District 3 and was compensated consistent with standard salary schedule for Grade 17, step 10, at $63,223.

r(ii).  The Defendant admits that Ms. Shelley Miller was hired in April 2019 contractually as DCL in District 6 and compensated under the standard salary scale at Grade 17, step 8 at $61,169, while Rager was compensated under the standard salary scale at Grade 17, step 7 at $60,018. Defendant admits that by July 2020, working as a Community Relations Manager, Ms. Miller was compensated under the standard salary scale at Grade 18, step 8 at $67,909; after Rager was reclassified as a CRM over his objection, Rager was retroactively compensated under the standard salary scale at Grade 18, step 7 at $66,625.  All other factual allegations in Paragraph 8(r)(ii) are admitted.

r(iii).  Defendant admits that Ms. Elizabeth Harris was contractually hired in March 2019 as a DCL and compensated at $27.57 per hour, roughly consistent with Grade 17, step 5 at $57,502 under the hourly standard salary scale while Rager was compensated at Grade 17, step 7 at $59,719 under the standard salary scale.  By July 2020, Ms. Harris worked as a CRM and was compensated at Grade 18, step 5 at $64,143, compared to Rager, who was retroactively compensated at Grade 18, step 7 at $66,625 under the standard salary scale.  Upon information and belief, Ms. Harris had experience working as a public information specialist and journalist. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 8(r)(iii), and therefore denies the remaining allegations.

s.  The Defendant denies the allegations of Paragraph 8(s).

9.  The Defendant denies the allegations of Paragraph 9.

10. The Defendant denies the allegations of Paragraph 10.

### General Denial

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, all allegations not specifically admitted are denied.

### Affirmative Defenses

1.  The Complaint fails to state a claim upon which relief can be granted and Plaintiff is not otherwise entitled to the requested relief as a matter of law.

2.  The statute of limitations applicable to the claims asserted in this suit, 29 U.S.C. § 255, has expired.

3.  Any difference in pay between employees is attributable to factors set forth in 29 U.S.C. §206(d)(1).

4.  The equitable relief sought is barred by laches.

WHEREFORE, the Defendant respectfully requests the Honorable Court dismiss this action, with prejudice.

Respectfully submitted,

BRIAN E. FROSH
MARYLAND ATTORNEY GENERAL


      /s/
_____
DeNisha A. Watson (Bar No. 29214)
Assistant Attorney General
Telephone: (410) 545-0040
dwatson2@mdot.maryland.gov
dwatson@oag.state.md.us


      /s/
_____
Robert L. Robinson (Bar No. 18740)
Assistant Attorney General
Telephone:  (410) 545-0040
rrobinson5@mdot.maryland.gov
rrobinson@oag.state.md.us

Maryland Department of Transportation
State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040 (office)
(410) 209-5007 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that a true and correct copy of the foregoing Defendant's

Answer was sent electronically via the CM/ECF Next Gen case management system this

10th day of May 2022 to all counsel of record.

         /s/

DeNisha A. Watson (Bar No. 29214)
Assistant Attorney General
Telephone: (410) 545-0040
dwatson2@mdot.maryland.gov
dwatson@oag.state.md.us

         /s/

Robert L. Robinson (Bar No. 18740)
Assistant Attorney General
Telephone:  (410) 545-0040
rrobinson5@mdot.maryland.gov
rrobinson@oag.state.md.us

Maryland Department of Transportation
State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040 (office)
(410) 209-5007 (fax)
