IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MARYLAND DEPARTMENT OF TRANSPORTATION, STATE HIGHWAY ADMINISTRATION,<br><br>Defendant. | Civil Action No. 1:22 cv 00061-BAH |

**CONSENT DECREE**

This action was instituted by Plaintiff Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendant Maryland Department of Transportation, State Highway Administration ("Defendant"). The suit alleges that Defendant violated Sections 6(d)(1) and 15(a)(2) of the Equal Pay Act, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) by paying Robert Rager lower wages than those paid to his female counterparts for performing equal work. The parties desire to resolve the Commission's actions without the time and expense of continued litigation, and to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes for the Equal Pay Act.

This Decree does not constitute an admission or evidence of any fact, wrongdoing, misconduct, or liability on the part of the Defendant, the State of Maryland, or any other person affiliated with the State of Maryland or the Defendant.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the Equal Pay Act. Therefore, upon due consideration of the record, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this Equal Pay Act action, which emanate from the Charge of Discrimination filed by Robert Rager on February 14, 2020, with the United States Equal Employment Opportunity Commission, EEOC Charge No. 531-2019-03727 (the "Charge") against the Defendant. This Decree fully and finally resolves all claims and matters alleged in this action and in the Charge.

2. This Decree shall be in effect for a period of two years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the terms of the Decree. Specifically, this consent decree shall terminate upon the occurrence of all the following events: (1) payment of back pay to Robert Rager as set forth in paragraph 5 herein of $30,334.41 ; (2) payment of damages to Robert Rager in the amount of $9,665.59; (3) adjustment of Robert Rager to grade 18 step 19 on the Standard Salary Scale, retroactive to July 1, 2023 as set forth in paragraph 7 herein; (4) notice posting by Defendant as described in paragraphs 12-13 herein; (5) Defendant's provision to the EEOC of four lists pursuant to the monitoring provisions described in paragraph 14 herein; and (6) Defendant's scheduling of training conducted by EEOC, for a period of two years as described in paragraphs 10-11 herein.

3. If Defendant has failed to complete the requirements in paragraph 2 herein within two years of the entry of this Decree by the Court, the duration of the Decree may be extended by

the Court, but only until Defendant's obligations under the Decree are satisfied. In no event shall the Decree be extended after all of Defendant's obligations under the Decree are satisfied.

4. This Decree, being entered with the consent of the parties, shall not constitute an adjudication or finding on the merits of the case.

### Relief to Robert Rager

5. Within sixty business days of entry of this Decree, Defendant shall pay Robert Rager the total amount of $40,000 (the "Settlement Amount"), $30,334.41 of which constitutes backpay (the "Backpay") and $9,665.59 constitutes payment for damages (the "Damages"). Defendant shall make proper withholdings for taxes and required employee contributions for FICA, including Medicare and additional pension contributions from the Backpay portion of the Settlement Amount. Defendant shall not withhold any deductions from the Damages portion of the Settlement Amount. The Backpay will be transmitted directly to Robert Rager via direct deposit, and the Damages payment will be transmitted by check sent directly to Robert Rager. An electronic copy of the check and related correspondence will be emailed to the EEOC at debra.lawrence@eeoc.gov. Defendant will issue to Robert Rager a 2023 W-2 form for the back pay paid to him and IRS Form 1099 for the additional damages paid to him.

6. Robert Rager shall be solely and entirely responsible for the payment and discharge of all federal, state, and local taxes which may, at any time, be found to be due as a result of the payment of the Settlement Amount, and Defendant makes no representation as to the tax consequences or tax treatment of the Settlement Amount.

7. Within ten business days of the entry of this Decree, Defendant shall adjust Robert Rager's salary to a salary commensurate with Grade 18/Step 19 on the State's current standard salary scale, retroactive to July 1, 2023.

8.     As quickly as reasonably possible after entry of this Decree, given the constraints of Defendant's human resources system, Defendant shall adjust Robert Rager's annual salary in the State Retirement and Pension System to reflect the retroactive adjustment to his Grade and Step effective January 1, 2021.

## Injunctive Relief

9.     Defendant, its officers, agents, employees and all persons acting or claiming to act on its behalf and interest hereby are enjoined from discriminating on the basis of sex with respect to wages for the duration of the Decree. Such sex-based discrimination violates the Equal Pay Act, including the following provisions:

> No employer . . . shall discriminate, within any establishment in which such employees are employed between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1).

## Training

10.    Within thirty days from the date of entry of the Decree and annually thereafter for the duration of the Decree, Defendant shall schedule at least two hours of hybrid live-remote training for all current employees working in a human resource capacity – specifically employees within the State Highway Administration whose role involves or affects the setting of employee salaries. The training shall be scheduled by Defendant but shall be conducted by Debra M. Lawrence, Regional Attorney for EEOC, or some other EEOC representative designated in writing

by the EEOC. The training shall address compliance with federal anti-discrimination laws, with a particular emphasis on the prohibition against sex discrimination with respect to wages.

11. The EEOC training will be recorded by audio/visual means. For a period of two years from the entry of this Decree by the Court, Defendant shall, within 30 days of hiring, show the recorded EEOC training to any newly-hired human resource officer or employee of the State Highway Administration whose role involves or affects the setting of employee salaries. Defendant will maintain records identifying the name and job title of the employees receiving such training, the date of commencement of each such employee's position, and date of training. Every six months, for a period of two years from the entry of this Decree, Defendant will forward to EEOC a copy of the foregoing training records.

### Notice and Postings

12. Within fifteen business days of entry of this Decree, Defendant will confirm that it continues to display the posters required in the workplace by Commission Regulations, 29 C.F.R. § 1601.30.

13. Within thirty business days of entry of this Decree, the State Highway Administration will also post in all places where notices are customarily posted for employees, the Notice attached as Exhibit A. The Notice shall be posted and maintained for a period of two years from the entry of this Decree and shall be signed by the Defendant's Administrator with the date of actual posting shown. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as specified above. Within its first semi-annual report, Defendant shall provide to the EEOC a copy of the signed Notice, written confirmation that the Notice has been posted, and a description of the location and date of the posting.

## Monitoring Provisions

14. For a period of two years from the entry of this Decree by the Court, Defendant will submit to the Commission, on a semi-annual basis, a list of all employees who have complained of or reported any alleged sex-based wage discrimination within the State Highway Administration. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no complaints of alleged wage discrimination were made, Defendant will confirm in writing to the EEOC that no such complaints were made.

15. All materials required by this Decree to be provided to the EEOC shall be sent by e-mail to Debra Lawrence at debra.lawrence@eeoc.gov.

16. This Decree constitutes a final judgment as to all claims in this action. The Commission and Defendant shall bear their own costs and attorneys' fees.

17. The undersigned counsel of record in the above-captioned action hereby consent to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

*/s/ DeNisha Watson*
DeNisha A. Watson (Bar No. 29214)
Assistant Attorney General
Phone: (410) 545-0040
Email: dwatson2@mdot.maryland.gov

*/s/ Robert L. Robinson*
Robert L. Robinson (Bar No. 18740)
Assistant Attorney General
Phone: (410) 545-0040
E-mail: rrobinson5@mdot.maryland.gov

FOR PLAINTIFF:

Debra M. Lawrence
Digitally signed by Debra M. Lawrence
Date: 2023.11.14 15:44:23 -05'00'

Debra M. Lawrence (Bar No. 04312)
Regional Attorney
Phone: (410) 801-6691

/s/
Maria Salacuse (Bar No. 15562)
Assistant General Counsel
phone: (202) 921-2758
E-mail: maria.salacuse@eeoc.gov

| | |
|---|---|
| Maryland Office of the Attorney General<br>State Highway Administration<br>707 N. Calvert St. 4th Floor<br>Baltimore, MD 21202 | U.S. EEOC<br>Baltimore Field Office<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, Maryland 21201 |

**SO ORDERED.**

Signed and entered this ___ day of _____, 2023.

_____
Brendan A. Hurson, United States District Judge